# DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| **JOHN J. GUMBS,** | |
|                    **Plaintiff,** | 1:11-cv-00008 |
|     v. | |
| **JULIUS WILSON** (individually and in his official capacity as Director of Prisons) and **KEITH FRANCOIS** (individually and in his official Capacity as Warden), | |
|                    **Defendants.** | |
| _____ | |

TO:    John J. Gumbs, *Pro Se*, Reg. # 11-2533
            Citrus County Detention Facility
            2604 West Woodland Ridge Drive
            Lecanto, FL  34461-7876
    Raymond James, Esq., AAG

## REPORT AND RECOMMENDATION

Before the Court is *pro se* Plaintiff's Motion to Vacate Order Dated September 8, 2013[1] (ECF No. 56). The government filed a response in opposition to the motion. The time for filing a reply has expired. For the reasons that follow, it is recommended that said Defendant's motion be denied.

Plaintiff seeks to have the order dismissing this matter vacated and to be sent copies of certain documents filed in this matter and to be allowed additional time in which to re-plead his complaint in conformity with Federal Rules of Civil Procedure Rules 12(e) and

---

[1] The order bears the date of September 8, 2013. However, the Court believes this to be a typographical error, as September 8, 2013, precedes the date of the order to show cause. The said Order was filed on October 8, 2013. The Court believes this date to be the correct date of the Order.

*United States v. Gumbs*
1:11-cv-0008
Report and Recommendation
Page 2

10(b).  In opposition, Defendants claim that Plaintiff has been afforded amply opportunity and time within which to comply with the Court's previous orders directing Plaintiff to re-plead his complaint.  Defendants also claim that they "will be prejudiced if Plaintiff is given additional time."  Resp. (ECF No. 60) at 2.

This matter was initiated by the filing of Plaintiff's complaint on or about January 27, 2011.  Defendants were served and filed a motion for more definite statement (ECF No. 17) in lieu of an answer.  The Court granted Defendants' said motion, and ordered Plaintiff to re-plead his complaint within 14 days.  Order (ECF No. 18), entered March 28, 2011. Thereafter, Plaintiff filed several documents purporting to be amended complaints as well as motions requesting leave to name additional Defendants.  ECF Nos. 23, 26, 27, and 29. The Court granted Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 29). Order (ECF No. 30), entered May 16, 2011.  By the same order, the Court instructed Plaintiff to advise the Court, within 10 days, whether everything he had submitted constituted "the final amendment he wished to put forth, or whether a more formal amended complaint [was] forthcoming."  Order (ECF No. 30) at 1.  Defendants were given a response date of 10 days after Plaintiff filed a notice or another, all-inclusive, amended complaint.  Plaintiff never notified the Court as directed.

Plaintiff then filed a motion to show cause and motion for entry of default against Defendants.  ECF No. 39.  By Order (ECF No. 43), entered March 29, 2012, after detailing the history of the proceedings, the Court denied Plaintiff's motion to show cause and entry of

*United States v. Gumbs*
1:11-cv-0008
Report and Recommendation
Page 3

default.  The Court again ordered Plaintiff to "file *one* all-inclusive amended complaint," by May 11, 2012.  *Id*. at 5 (emphasis in original).  The Court further warned that "[f]ailure to adhere to the state[d] deadline may result in dismissal of this matter without prejudice" and that "[n]o further amendments or supplements will be permitted."  *Id*.  The Court also flatly declared that "[n]o extensions of time will be granted to file the all-inclusive amended complaint."  *Id*.

In the face of this order, but before the May 11 deadline, Plaintiff moved for extension of time because he claimed that he was not in possession of his legal documents that were necessary to file one all-inclusive amended complaint.  ECF No. 50.  The Court denied the motion.  Order (ECF No. 51), entered October 10, 2012.

Prior to the entry of the Order of Dismissal which is at issue, the Court ordered Plaintiff to show cause by September 30, 2013, for his failure to file one all-inclusive amended complaint.  The Court again warned that a missed deadline could result in dismissal.  Order (ECF No. 52), entered September 11, 2013.  Plaintiff missed the deadline; indeed, Plaintiff filed no response to the order to show cause.  Consequently, the Court dismissed the matter, without prejudice, by Order (ECF No. 54), entered October 8, 2013.

The procedural history recorded in the record and recited hereinabove demonstrates that the Court gave Plaintiff several opportunities to amend his complaint.  Plaintiff continually missed deadlines that resulted in failure to comply with orders of the

*United States v. Gumbs*
1:11-cv-0008
Report and Recommendation
Page 4

Court.  The Court warned Plaintiff that such failures could result in the dismissal of his case.  In view of Plaintiff's disregard for the Court's orders, dismissal was warranted.

Based upon the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff John J. Gumbs's Motion Vacate Order Dated September 8, 2013 (ECF No. 56) be **DENIED**.

Any objections to this Report and Recommendation must be filed in writing within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge.  28 U.S.C. § 636(b)(1); LRCi 72.3.

ENTER:

Dated: February 13, 2015    /s/ George W. Cannon, Jr.
                            GEORGE W. CANNON, JR.
                            MAGISTRATE JUDGE