DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

|  |  |
|---|---|
| JOHN J. GUMBS, ) ) Plaintiff, ) ) v. ) ) JULIUS WILSON, individually and in his ) official capacity as Director of Prisons; ) KEITH FRANCOIS, individually and in his ) official capacity as Warden; THESHIA ) NIEVES, individually and in her official ) capacity as Education Coordinator; DIANE ) PROSPER, Assistant Warden; and DERRICK ) LIBURD, Chief, ) ) Defendants. ) | Civil Action No. 2011-0008 |

**Attorneys:**
**John J. Gumbs,** *Pro Se*
St. Croix, U.S.V.I.
    *For the Plaintiff*

**Raymond T. James, Esq.,**
St. Croix, U.S.V.I.
    *For the Defendants*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the Report and Recommendation of Magistrate Judge George W. Cannon, Jr. (Dkt. No. 62) regarding the "Motion to Vacate Order Dated September 8, 2013," filed by Plaintiff John J. Gumbs. (Dkt. No. 56). For the following reasons, the Court accepts the recommendation in the Magistrate Judge's Report and will deny Plaintiff's Motion.

1

I.   **BACKGROUND**

Plaintiff John J. Gumbs, proceeding *pro se*, initiated this action on January 27, 2011, with a Complaint alleging that Defendants Julius Wilson and Keith Francois violated his constitutional and statutory rights while he was incarcerated at Golden Grove Correctional Facility ("Golden Grove") in the Virgin Islands. (Dkt. No. 1 at 5, 14). In his Complaint, Plaintiff alleged racial discrimination, unfair practices, and deliberate indifference to rehabilitative programs, and asserted violations of the Eighth and Fourteenth Amendments to the United States Constitution, as well as several Virgin Islands statutory provisions relating to the treatment of prisoners. (*Id.* at 5). In lieu of an answer, Defendants filed a "Motion for a More Definite Statement," requesting that Plaintiff re-plead his Complaint to comply with the Federal Rules of Civil Procedure. (Dkt. No. 17).[1] By Order entered on March 28, 2011, the Court granted Defendants' Motion and ordered Plaintiff to re-plead his Complaint within fourteen days. (Dkt. No. 18).

On April 1, 2011, Plaintiff filed a "Motion for Leave to File an Amended Complaint" (Dkt. No. 23), which the Court granted on April 5, 2011 (Dkt. No. 24). In response, Plaintiff filed: a "Supplemental Complaint" (Dkt. No. 26); a "Replead Complaint" (Dkt. No. 27); and a "Motion for Leave to File an Amended Complaint" (Dkt. No. 29). Plaintiff's "Supplemental Complaint" added Theshia Nieves, Education Coordinator at Golden Grove, as a defendant, and

---

[1] Plaintiff opposed Defendants' Motion, asserting that his legal books had been confiscated in retaliation for filing this action and accusing Defendants of "using tactics to delay the proceedings." (Dkt. No. 19). In an "Informative Motion"—which the Court treated as an explanatory notice because Defendants sought no relief—Defendants stated that Plaintiff's legal books were "secured relative to a security drill that occurred institution-wide at [Golden Grove] on February 5, 2011," and submitted proof of the return of the written materials. (Dkt. No. 21). Plaintiff filed a "Response to Defendant's [sic] Informative Motion & Motion to Clarify Motion to Re-plead," contending that "no other inmate had his or her legal material . . . taken as a result of any 'institution-wide security drill'" and reasserting that Defendants' conduct was retaliatory. (Dkt. No. 28).

asserted additional facts regarding medical needs. (Dkt. No. 26). Plaintiff's "Replead Complaint," however, failed to include reference to Nieves or the facts alleged in his "Supplemental Complaint." (Dkt. No. 27). In Plaintiff's "Motion for Leave to File an Amended Complaint," he sought to add Assistant Warden Diane Prosper and Chief Derrick Liburd as defendants, and to further allege his medical needs. (Dkt. No. 29).

By Order entered on May 16, 2011, the Court again granted Plaintiff leave to file an Amended Complaint and instructed Plaintiff to advise the Court, within ten days, whether his submissions constituted "the final amendment he wished to put forth, or whether a more formal amended complaint [was] forthcoming." (Dkt. No. 30 at 1). On May 23, 2011, Plaintiff filed a "Response to Order Dated May 16, 2011," stating that his complaint was "fully amended and ripe for response." (Dkt. No. 35). However, Plaintiff did not specify which prior filing constituted his "fully amended" complaint.

On June 14, 2011, Plaintiff filed a "Motion of Status Review & Entry for Default," seeking a status update from the Court and requesting that the Court "grant[] his requests." (Dkt. No. 37). On June 18, 2011, Plaintiff notified the Court that he had been transferred to Citrus County Detention Facility in Florida. (Dkt. No. 38). Plaintiff subsequently filed a "Motion to Show Cause and Renewed Motion for Entry by Default" on August 1, 2011. (Dkt. No. 39). He also wrote to the Clerk of Court requesting that he be sent copies of all filings in his seven separate lawsuits brought in the District Court. (Dkt. No. 42).

By Order entered on March 29, 2012, the Court denied Plaintiff's pending motions and, in light of the "piecemeal" pleadings and amendments, ordered Plaintiff to "file *one* all-inclusive amended complaint" by May 11, 2012. (Dkt. No. 43 at 4-5). The Court set forth in its Order specific guidelines for the all-inclusive amended complaint, which included the necessary

3

components together with references to applicable Federal Rules of Civil Procedure. (*Id.*). The Court further advised Plaintiff that "[f]ailure to adhere to the state[d] deadline may result in dismissal of this matter without prejudice" and that "[n]o further amendments or supplements will be permitted." (*Id.*). The Court also stated that "[n]o extensions of time will be granted to file the all-inclusive amended complaint." (*Id.*).

On May 8, 2012, Plaintiff filed a "Motion for Extension and Informative Report," stating that he could not comply with the Court's March 29, 2012 Order because he lacked the requisite "legal files, transcripts, appeal briefs, [and] folders" for his claim. (Dkt. No. 50). Having been transferred to Citrus County Detention Facility, Plaintiff claimed that these items remained at Golden Grove. (*Id.* at 2). The Court denied the Motion on October 10, 2012, citing its March 29, 2012 Order stating that no extensions of time would be granted. (Dkt. No. 51).

Plaintiff took no action in this matter for nearly a year following the Court's October 10, 2012 Order. On September 11, 2013, the Court issued an Order directing Plaintiff to show cause by September 30, 2013 for his failure to file one all-inclusive amended complaint. (Dkt. No. 52). The Court warned that "failure to show good cause within the stated deadline may result in dismissal of this matter." (*Id.* at 2). Plaintiff, however, filed no response. Accordingly, by Order entered on October 8, 2013, the Court dismissed the matter without prejudice. (Dkt. No. 54).[2]

On November 25, 2013, Plaintiff filed the instant "Motion to Vacate Order Dated September 8, 2013," asserting that he did not have sufficient time to respond to the Court's Order to Show Cause and was confused by the incorrectly dated Order dismissing the case. (Dkt. No.

---

[2] The Order dismissing this matter bears the date of September 8, 2013. (Dkt. No. 54). The Court believes, however, that the September 8, 2013 date is a typographical error, and that October 8, 2013 is the correct date of the Order, because the Court's Order to Show Cause (Dkt. No. 52) was entered on September 11, 2013 and the Order dismissing the case (Dkt. No. 54) was entered on October 8, 2013.

4

56). In addition to seeking to vacate the dismissal of this matter, Plaintiff requests that the Court send him copies of all filings in the matter and for additional time within which to file an all-inclusive amended complaint. (*Id.* at 3). In response, Defendants Julius Wilson and Keith Francois argue that Plaintiff's "blatant failure" to comply with the pleading requirements of the Federal Rules of Civil Procedure and numerous Orders of the Court warrants dismissal of the matter with prejudice, pursuant to Federal Rule of Civil Procedure 41(b). (Dkt. No. 60 at ¶¶ 3-4).

On May 1, 2014, the Court referred Plaintiff's Motion to Vacate to Magistrate Judge Cannon for a Report and Recommendation ("Report"). (Dkt. No. 57). On February 13, 2015, Magistrate Judge Cannon issued a Report recommending that Plaintiff's Motion be denied, reasoning that, although the Court had granted Plaintiff several opportunities to amend his complaint and repeatedly warned Plaintiff that failure to comply with its deadlines could result in dismissal without prejudice, Plaintiff had "continually missed deadlines that resulted in failure to comply with orders of the Court." (Dkt. No. 62).[3] The Court accepts the recommendation in the Magistrate Judge's Report and will deny Plaintiff's Motion.

## II.  DISCUSSION

A Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where, as here, there are no objections to a Report and Recommendation, the district court must "satisfy itself that

---

[3] Because Plaintiff proceeds *pro se*, the Court has mailed copies of its Orders and related filings to Plaintiff. (*See, e.g.*, Dkt. Nos. 7, 20, 25, 53, 59, 63). On August 12, 2014, one such mailing—an Order directing Defendants to respond to Plaintiff's Motion to Vacate (Dkt. No. 58)—was returned as undeliverable from Citrus County Detention Center with the notation "released." (Dkt. No. 61). Therefore, copies of the Magistrate Judge's Report were sent to both Citrus County Detention Center and—as provided by the United States Probation Office—Plaintiff's last known address on St. Croix. (Dkt. No. 63). However, both copies were returned as undeliverable. (Dkt. Nos. 64, 65). As discussed below, Plaintiff's failure to provide the Court with an updated address further supports the Court's conclusion that denial of his Motion is warranted.

there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) Advisory Committee Notes; *see Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining the district court's responsibility "to afford some level of review" when no objections have been made). Because it appears that Plaintiff never received the Report, *see supra* note 3, the Court will conduct a *de novo* review of Plaintiff's Motion to Vacate the Court's October 8, 2013 Order dismissing Plaintiff's case without prejudice.

A.     **Applicable Legal Standards**

The Court construes Plaintiff's Motion to Vacate as brought pursuant to Federal Rule of Civil Procedure 60(b)(1) for relief from the Court's Order dismissing his case without prejudice. *See Gebhardt v. Borough of Island Heights*, 2009 WL 3245924, at *1 (D.N.J. Oct. 7, 2009) (construing plaintiff's motion to vacate the dismissal of his complaint and to extend time for service, though not invoking any Rule, as motion brought pursuant to Rule 60(b)(1)). Under Rule 60(b), the Court may, "on motion and just terms, . . . relieve a party . . . from final judgment, order, or proceeding" for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A movant seeking relief pursuant to Rule 60 carries a heavy burden. *Gebhardt*, 2009 WL 3245924, at *2 (citing *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991)).

Based on the circumstances here, it appears that excusable neglect is the ground upon which Plaintiff's Motion to Vacate is premised. The test for "excusable neglect" is equitable, and requires a court to weigh the "totality of the circumstances" surrounding the party's dereliction.

6

*Welch & Forbes, Inc. v. Cedant Corp.*, 234 F.3d 166, 171 (3d Cir. 2000). In *Pioneer Investment Services Co. v. Brunswich Associates*, 507 U.S. 380 (1993), the Supreme Court announced that the factors to consider when evaluating "excusable neglect" ("*Pioneer* factors") should include: (1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *See id.* at 395; *Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007). A court is afforded wide discretion in weighing the factors for and against the application of Rule 60(b) and its decision will be disturbed on appeal only if it amounts to an abuse of discretion. *Amhed v. Dragovich*, 297 F.3d 201, 209 (3d Cir. 2002).

**B.     Analysis**

Plaintiff argues that his failure to respond to the Court's September 11, 2013 Order to Show Cause should be excused because he had insufficient time within which to respond due to access limitations of the Citrus County Detention Facility law library computer room. (Dkt. No. 56 at 2). Plaintiff also asserts that he was confused because the Court's Order to Show Cause is dated September 11, 2013 (Dkt. No. 52), and the Court's Order dismissing the case without prejudice is dated September 8, 2013 (Dkt. No. 54). (Dkt. No. 56 at 2). The Court finds that, under the totality of the circumstances, these reasons are insufficient to warrant the relief requested.

With regard to the first *Pioneer* factor, Defendants would be prejudiced if the case was reopened in its current posture because they would face defending an action that—although filed in January of 2011—still lacks a comprehensive, operative complaint. This deficiency has thwarted the progress of the case, Defendants' ability to effectively defend, and the Court's ability to resolve Plaintiff's claims. *Cf. Dively v. Seven Springs Farm, Inc.*, 2012 WL 5818319, at

7

*3 (W.D. Pa. Nov. 15, 2012) (denying Rule 60(b)(1) motion where plaintiff's counsel "took deliberate actions couched in the form of inaction by not complying with Court's set deadlines, filing requirements, and common litigation tasks essential to resolving the matter"). Therefore, the Court finds that the first *Pioneer* factor weighs against Plaintiff.

As applied to Plaintiff's failure to respond to the Court's Order to Show Cause, the second *Pioneer* factor weighs in favor of Plaintiff because he filed his Motion within two months of the Court's Order to Show Cause, and within one month of the Court's Order dismissing the case. *See Liguori v. Allstate Insur. Co.*, 2015 WL 71384, at *2 (D.N.J. Jan. 6, 2015) (observing that "courts have generally granted relief from final judgments where the delay was limited to one to two months in duration" and collecting cases from Third Circuit).

The Court concludes that the third *Pioneer* factor, which considers the reasons for the delay, including whether it was within Plaintiff's reasonable control, weighs against Plaintiff. Plaintiff's reliance on the Court's incorrectly dated dismissal Order is unavailing. The Court's September 11, 2013 Order to Show Cause was mailed to Plaintiff on the same day it was entered, (*see* Dkt. No. 53), and the Court's October 8, 2013 Order dismissing the case was mailed on October 10, 2013, (*see* Dkt. No. 55). The response deadline for the Order to Show Cause was September 30, 2013. (Dkt. No. 52 at 2). Thus, the deadline for Plaintiff's response and his failure in connection therewith occurred eight days *before* the Court's October 8, 2013 Order was entered and ten days before it was mailed to Plaintiff. Any confusion caused by the latter Order, which was incorrectly dated, could not, therefore, be the reason for Plaintiff's failure to respond. Accordingly, Plaintiff's claim that he was confused does not support a finding of excusable neglect for his failure to respond. *Cf. Blomeyer v. Levinson*, 2006 WL 463503, at *5 (E.D. Pa. Feb. 21, 2006) ("Plaintiff's claim that he did not receive the motion . . . suggests that, at worst,

Plaintiff received the motion, ignored it, and now presents false claims to this Court in an attempt to reverse the damage done.").

Similarly, Plaintiff's claim that access to the prison law library and computer room is generally limited does not constitute "excusable neglect." Plaintiff has not asserted that he had no access to the law library or computer during September of 2013. *See Avery v. Hendricks*, 2006 WL 2627945, at *3 (D.N.J. Sept. 13, 2006) (no excusable neglect where *pro se* prisoner "present[ed] no event that prevented his access to the law library"). *Cf. Vega v. Miller*, 2013 WL 867156, at *2-3 (E.D. Pa. Mar. 8, 2013) (finding that plaintiff who had some access to prison law library had failed to establish good cause for an extension of time, a lower standard than excusable neglect). Thus, the Court finds that the third *Pioneer* factor weighs against Plaintiff.

As to the fourth *Pioneer* factor, even without finding that Plaintiff proceeded in bad faith, the Court concludes that Plaintiff's history of failing to comply with the Court's Orders and the Federal Rules of Civil Procedure weighs against a finding of "excusable neglect." *See Nara*, 488 F.3d at 194 (finding "excusable neglect" standard not met even where there was no evidence of bad faith, and that a party's "overall negligence in handling the matter precludes" a finding of "excusable neglect"); *Blomeyer*, 2006 WL 463503, at *11 (finding fourth factor weighs in favor of denying motion to vacate where *pro se* plaintiff "repeatedly ignored both the rules of procedure and his obligation to prosecute his claims. Occasional filing out of time . . . , particularly in light of Plaintiff's pro se status, might not suggest bad faith. The pattern of ignoring the obligation to respond to pleadings and court orders is deeply troubling, and reflects an escalation of earlier problematic behavior"); *see also Jones v. Chemetron Corp.*, 212 F.3d 199, 204 (3d Cir. 2000) (affirming denial of Rule 60(b)(1) motion despite finding of "no evidence of bad faith on the part of the [movant]"). Here, the Court issued an Order to Show

9

Cause on September 11, 2013 (Dkt. No. 52) only after Plaintiff had failed to file a complaint in compliance with Rule 8(a) of the Federal Rules of Civil Procedure; filed a series of piecemeal complaints without a single, operative document in response to the Court's grant of a Motion to Amend the Complaint; disregarded the Court's warning in its March 29, 2012 Order that the Court would not grant further extensions of time to file the all-inclusive complaint; and failed to comply with the Order's requirement for an all-inclusive complaint. Thus, Plaintiff's "overall negligence in handling the matter" weighs against a finding of "excusable neglect." *See Nara*, 488 F.3d at 194.

Finally, a court deciding a Rule 60(b) Motion to Vacate must consider the "totality of the circumstances" surrounding the party's dereliction. *Pioneer*, 507 U.S. at 395; *Welch & Forbes*, 234 F.3d at 171. In addition to the factors discussed above, Plaintiff has now made communication with him by the Court virtually impossible by failing to provide an updated mailing address. Adding the complication of a Plaintiff who cannot be located to a palpably deficient complaint serves only to provide further justification for denying the relief requested.[4]

In view of the foregoing, the Court concludes that the specific *Pioneer* factors and the totality of the circumstances weigh against Plaintiff. Accordingly, the Court accepts the Report's recommendation and will deny Plaintiff's Motion to Vacate the Court's October 8, 2013 Order dismissing his case without prejudice.

---

[4] Significantly, the Court's Order specified that it dismissed Plaintiff's case without prejudice. (Dkt. No. 54 at 2). Even where dismissal is "without prejudice to the plaintiff's right to file a new action rather than to reactivate the existing one," and even where the "order directs the Clerk to mark the case closed," a plaintiff may reassert his claims. *See Washington-El v. DiGuglielmo*, 365 F. App'x 338, 340 (3d Cir. 2010). Therefore, Plaintiff retains the right to reassert available claims by filing a well-pleaded complaint. The Court, however, declines to reinstate a deficient action.

### III. CONCLUSION

For the reasons set forth above, the Court accepts Magistrate Judge Cannon's recommendation and will deny Plaintiff's Motion to Vacate. An appropriate Order accompanies this Memorandum Opinion.

Date:  April 10, 2015              _____/s/_____
                                    WILMA A. LEWIS
                                    Chief Judge